IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY L. TATE-GATES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00174-KD-N |
| | ) | |
| CLARKE COUNTY HEALTH CARE | ) | |
| AUTHORITY, d/b/a GROVE HILL | ) | |
| MEMORIAL HOSPITAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Pursuant to the Order dated May 21, 2014 (doc. 12), plaintiffs' motion to proceed without prepayment of fees (doc. 11-1) was denied and they were required to pay the requisite filing fee of $400.00 by no June 10, 2014 (doc. 12). Plaintiff s' motion to proceed without prepayment of fees (doc. 11-1) was again denied on June 3, 2014, and plaintiffs were directed to pay the requisite filing fee by June 24, 2014 (doc. 18). In both Orders, plaintiffs were cautioned that "**FAILURE TO COMPLY WITH THIS ORDER WITHIN THE TIME NOW PROVIDED MAY RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR WANT OF PROSECUTION, LACK OF JURISDICTION AND/OR FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT**." (Docs. 12 at 2, 18 at 2).

Plaintiffs were advised that serious questions exist with respect to this Court's subject matter jurisdiction and the Court's personal jurisdiction over any named plaintiff who has not personally appeared in this action as well as the authority of Mary L. Tate-Gates, the only alleged signatory on the Complaint, to represent any of the other named

plaintiffs. (Doc. 3 at 2). The Court further advised that the jurisdictional issues will be addressed "when the plaintiffs have either paid the requisite filing fee or the Court has granted a properly filed motion to proceed without prepayment of fees." (*Id*.). Marcus O. Tate-El-Bey-Tey-Washitaw ("Tate"), an inmate at the Bibb Correctional Facility in Brent, Alabama, claims to be appearing as an "Administrator/Executor Guardian Ad Litem Legal Counsel" (Docs. 11 at 1; see also Docs. 4-7). He has, however, filed no evidence that he has been appointed as the Guardian Ad Litem of any of the named plaintiffs in this case by an appropriate judicial authority. Consequently, he was advised (doc. 8) that he cannot represent any other individual in this case.[1] In addition, plaintiffs failed to establish that they are unable to make prepayment of fees as required under 28 U.S.C. § 1915. Plaintiffs have neither paid the requisite filing fee nor requested an extension of the June 24, 2014 deadline within which to do so.[2]

Due to Plaintiffs' failure to comply with the Court's order and to prosecute this action by paying the required filing fee, the undersigned recommends that, through its inherent powers, this action be dismissed without prejudice. Link v. Wabash R.R. , 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or

---

[1] In the federal courts, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. With few limited exceptions, a non-attorney is precluded from representing any other person in proceedings in federal court. *See* Hand v. Bibeault, 400 Fed.Appx. 526 (11th Cir. 2010)(addressing EEOICP claim). The right of self-representation only exists for the pro se plaintiff and does include the right to represent others on a pro se basis. *See* Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008); *see also* Charest v. Williams, 2008 WL 686621 (M.D. Ala., Mar. 7, 2008). (A pro se litigant may not litigate the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' ").

[2] The numerous documents filed by Marcus Tate (doc. 19 through 23) since the Court's Order of June 3, 2014 (doc. 18) was entered neither contain any request for extension of time or any comprehendible or legitimate grounds to proceed without the prepayment of the requisite fees.

statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocarus v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n. 7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiffs dispute the finding of failure to pay the partial filing fee and wants to proceed with litigation of their action, they shall set forth in an objection to the report and recommendation the reason for their failure comply with the Court's order and to pay the filing fee. Wilson, 414 F.3d at 1320 (*citing* Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served in the manner provided by law on all parties who have appeared.[3] Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document,

---

[3] The Clerk is directed to mail a copy of this Order to each of the plaintiffs by regular as well as certified mail, return receipt requested. *See*, Doc. 3. The registered mail may be addressed jointly to the named plaintiffs who reside at the same address.

file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this  25th  day of June, 2014.

                                      /s/ Katherine P. Nelson
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**